AUSA:   Vance                          Telephone:  (810) 766-5177

AO 106 (Rev. 04/10)  Application for a Search Warrant   Agent:     Ross        Telephone:  (810) 341-5710

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>9862 NORTH SHORE, PIGEON, MICHIGAN | )<br>)<br>)<br>)<br>)<br>) |

Case No.  18-mc-50164-3

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

located in the _____Eastern_____ District of _____Michigan_____, there is now concealed *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 26 U.S.C. § 5861(d) | Possession of unregistered NFA |
| Title 26 U.S.C. § 5861(e) | Transferring firearm in violation of NFA |

The application is based on these facts:

See attached AFFIDAVIT.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's  signature*

Stephen Ross, Special Agent, ATF&E
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date:   February 14, 2018

_____
*Judge's signature*

City and state:  Bay City, Michigan

Patricia T. Morris,          U. S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A RESIDENCE LOCATED AT 9862 NORTH SHORE, PIGEON, MICHIGAN | Case No: 18-mc-50164-3 |

## **AFFIDAVIT**

I, Stephen Ross, being first duly sworn, hereby depose and state as follows:

## **INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Federal Rule of Criminal Procedure 41 for a warrant to search property described below and in Attachment A as:

a.      A two story multi-family dwelling, brown in color with tan trim which sits on the north side of North Shore Drive Street, this home is the 2nd house west of Circle Drive.  There is a horse-shoe driveway which has an east and west entrance and meets in front of the residence.  The numbers 9862 are affixed to the mailbox and are clearly visible from the street.

2.      I have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), United States Department of

1

Justice, since September 2015, currently assigned to the Flint Field Office.  I am a

graduate of the Criminal Investigator Training Program and the ATF Special Agent

Basic Training Program at the Federal Law Enforcement Training Center in Glynco,

Georgia.  As a result of my training and experience as an ATF Special Agent, I am

familiar with Federal criminal laws and know that it is a violation of:

    a.    18 U.S.C. § 922(a)(5), for any person, other than a licensee, to transfer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensee) who the transferor knows, or has reasonable cause to believe, does not reside in the State in which the transferor resides; 18 USC § 922(e), for any person to knowingly deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensees, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped;

    b.    18 U.S.C. § 922 (o), for any person to transfer or possess a machinegun that was not lawfully possessed prior to May 19, 1986;

    c.    18 U.S.C. § 1956(a)(1), for any person to knowingly conduct or attempt to conduct a financial transaction with the proceeds of some form of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity

    d.    26 U.S.C. § 5861(a), for any person to engage in business as a manufacturer or importer of, or dealer in, firearms without having paid the special (occupational) tax;

    e.    26 U.S.C. § 5861(c), for any person to receive or possess a firearm made in violation of the provisions of Title 26, U.S.C. Chapter 53;

2

f. 26 U.S.C. § 5861(d), for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record;

g. 26 U.S.C. § 5861(e), for any person to transfer a firearm in violation of the provisions of Title 26, U.S.C. Chapter 53;

h. 26 U.S.C. § 5861(i), for any person to receive or possess a firearm which is not identified by a serial number as required by Title 26, U.S.C. Chapter 53;

i. 26 U.S.C. § 5861(j), for any person to transport, deliver, or receive any firearm in interstate commerce which has not been registered as required by Title 26, U.S.C. Chapter 53.

3. The facts in this affidavit come from my own personal observations, my training and experience, and information obtained from other agents, officers and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## BACKGROUND INFORMATION

4. I am currently investigating Brandon PUTMAN (DOB- XX/XX/1986) for violations of federal firearms laws. PUTMAN is alleged to have possessed and possibly attempting to manufacture machineguns. PUTMAN is one member of a large family. The Putman's are three (3) generations of a family that live together at 9862 North Shore, Pigeon, Michigan. The family consists of ten (10) adults and

3

sixteen (16) children.  They have a reality television show on the TLC Network called "Meet the Putmans," which premiered in January of 2017.  William and Barb Putman are the heads of the family.  Their children, Billy, Brandon, Blake, and Blair and their spouses and children, make up the family that live together under one roof.

5.     William Putman, has a Type 01 - Dealer of Firearms Federal Firearms License (FFL) # 4-38-157-01-PA-09771, doing business as Ephesians 610 Armor LLC at 1796 West Caro Road, Caro, Michigan.  Kacie Putman, who is married to BRANDON PUTMAN, is a "Responsible Person" on that license.  A Responsible Person is typically described as a person who possesses, directly or indirectly, the authority to direct the management and policies of the licensee to possess, receive, ship, deliver, transfer, or otherwise dispose of a firearm for, or on behalf of the licensee.  William and Kacie also have a National Firearms Act (NFA) Special Occupational Tax, License # 4-38-157-01-0E-09771. William and Kacie also have a Type 54 Contingency Storage Federal Explosives License, # 4-MI-157-54-0F-01009.

6.     On January 8, 2018, ATF Inspector John Murphy conducted a check of Ephesians 610 Armor LLC inventory in order to verify the National Firearms Act (NFA) items registered to their business.  Inspector Murphy was able to verify that Ephesians 610 LLC had eight (8) silencers registered to their business and an

additional three (3) silencers were registered to William Putman.

7.     According to my training and experience, as well as speaking with Inspector Murphy, Federal Firearms License (FFL) and Nation Firearms Act (NFA) Special Occupational Tax (SOT) holders have the ability to make multiple transactions with more ease than the general public.

## CURRENT INVESTIGATION

8.     In mid-November, PUTMAN arrived at Progressive Tool and Machinery in Elkton, Michigan where he spoke with the owner, Pat McArdle. PUTMAN inquired whether McArdle could duplicate a metal part.  McArdle, suspicious that this may be a firearm part, asked PUTMAN if it was a "music box part."  PUTMAN smiled and responded, "yes."  McArdle later explained to me that a "music box part" is a mechanist code word for firearm parts.  PUTMAN asked McArdle if he could make ten (10) duplicates of the part that he brought him. McArdle informed PUTMAN that he could make ten (10) duplicates for approximately eighty dollars ($80) a part.   Upon further research, McArdle discovered that the part was very similar to a full-automatic conversion sear for an AR-15.  McArdle contacted the ATF and reported the above interaction with PUTMAN.  The ATF has financially compensated McArdle for his cooperation in this investigation.

9.     On December 15, 2017, I met with McArdle to examine the part.  I examined the metal part and agreed that it resembled a Drop-In Auto Sear (DIAS) for an AR-15.  A DIAS is a device which, when installed in an AR-type rifle, along with several other critical fire-control parts, can convert a semi-automatic AR rifle into a fully-automatic assault rifle.  The part had no manufacture insignia or logo, and did not contain a serial number.  After examining the part, I took it into ATF custody.

10.    On December 18, 2018, I contacted the ATF Firearms and Technology Branch (FTB) and mailed the suspected DIAS to their office in order for an expert determination of the metal part to be made.

11.    On January 4, 2018, I received an official determination on the suspected DIAS.   FTB analyzed the suspected DIAS and determined that it was an authentic AR-15 drop-in auto sear designed and intended for use in converting a weapon into a machinegun.  Therefore, the drop-in auto sear itself is classified as a "machinegun' as defined in 26 U.S.C § 5845(b).

12.    On January 9, 2018, Special Agent Wickwire and I made contact with McArdle in reference to PUTMAN dropping off the DIAS to be duplicated. McArdle advised that PUTMAN wrote down his own name and telephone number

on a white board in his shop. McArdle provided Agent Wickwire and myself with PUTMAN's telephone number, 989-325-0079.

13.     On the same date, Agent Wickwire, acting in an undercover capacity as a machinist with Progressive Tool and Machinery, called PUTMAN's telephone number of 989-325-0079. There was no answer, however, Agent Wickwire left a message for an individual named BRANDON as identified on the voicemail greeting. Agent Wickwire left a voicemail message indicating that he did some work for McArdle, and that McArdle had given him the part to work on. A few minutes later, Agent Wickwire received a call from PUTMAN's telephone number of 989-325-0079. Agent Wickwire was unable to answer the call. An individual identifying himself as Brandon PUTMAN left Agent Wickwire a voicemail. Several minutes later, Agent Wickwire placed another telephone call to PUTMAN at 989-325-0079. An individual answered the phone and identified himself as BRANDON. Agent Wickwire engaged PUTMAN in conversation about the part he wanted to have duplicated.

14.     According to the Firearms Technology Branch, a Drop-In Auto Sear (DIAS) combined with M16 machinegun parts (selector, disconnector, hammer, trigger, and bolt carrier) will allow a semiautomatic AR-15 to function as a fully automatic machinegun. I know based on training and experience that most

commercially available AR-15 rifles are assembled with semiautomatic parts. I believe that Brandon PUTMAN likely acquired additional M16 machinegun parts to assist in the conversion to fully automatic because he described to Agent Wickwire that the DIAS worked in "multiple applications." Agent Wickwire understood that statement to mean that PUTMAN has successfully used the DIAS in multiple AR-15 type rifles.

15.     According to the Firearms Technology Branch, one (1) drop-in auto sear that is registered with the National Firearms Act and is legal for personal use would cost approximately forty thousand ($40,000) dollars. PUTMAN agreed to a price of one hundred ($100) dollars per drop-in auto sear during the undercover phone call with Agent Wickwire.

16.     On January 10, 2018, Kacie Putman, a responsible person on the Ephesians 610 FFL and wife of Brandon PUTMAN, called ATF Inspector John Murphy with a question relating to transferring six (6) silencers into a trust fund. Inspector Murphy answered her questions regarding the legal way to perform such a transaction. Inspector Murphy's inspection of inventory on January 8, 2018, verified that Ephesians 610 Armor LLC currently has eight (8) registered silencers with an additional three (3) registered to William Putman.

17.     Based on my training and experience, I know that individuals who are

in possession and use illegal fully automatic machineguns will often times attempt to hide their usage by outfitting the firearm with lawfully or unlawfully acquired silencers or mufflers.  The use of silencers or mufflers could reduce or conceal the sound made by fully automatic machinegun fire in order to avoid detection from law enforcement.

18.    On January 11, 2018, I discovered through public record database checks that 9862 North Shore Road, Pigeon Michigan was listed as a residence associated with Brandon PUTMAN.

19.    On January 12, 2018, ATF Special Agents Michael Coleman, Wickwire, and I arrived at Progressive Tool and Machinery.  We provided McArdle a Michigan State driver's license picture of PUTMAN.  McArdle identified the individual as Brandon PUTMAN and the same person who delivered the part to him.

20.    On the same date, McArdle showed SA Ross the security system footage of the day that PUTMAN delivered the DIAS.  A tan SUV, which appeared to be a GMC Yukon, drove to the front entrance of Progressive Tool and Machinery and an individual that I identified as Brandon PUTMAN exited the vehicle holding a clear plastic bag.  PUTMAN walked into the shop and approximately 45 minutes later was observed on the security cameras footage exiting the shop, entering the tan SUV, and driving out of the parking lot.

9

21.   On the same date, Agents Coleman, Wickwire, and I conducted surveillance on Brandon PUTMAN'S known residence at 9862 N. Shore Drive, Pigeon, Michigan.  Agents Coleman, Wickwire, and I observed a similar tan SUV from the security cameras at Progressive Tool and Machinery in the driveway of 9862 North Shore Drive.  There was also a white Suburban and a bus in the driveway of the residence.

22.   On January 19, 2018, I observed through video surveillance equipment the previously observed tan Yukon with the license plate DRU3598 parked in the driveway of 9862 North Shore Drive, Pigeon, Michigan.

23.   On the same date, I conducted a check through law enforcement databases, which revealed that the tan Yukon (license plate DRU3598) was registered to Putman Opportunities LLC, located at 1796 West Caro Road, Caro Michigan, which is in the location of the Federal Firearms License storefront.

24.   On January 20, 2018, Agent Wickwire received a text message from the number identified as Brandon PUTMAN.  PUTMAN requested the status of the ten (10) auto sears he previously ordered.  Agent Wickwire responded to PUTMAN that everything was good with the part and he would call PUTMAN early next week. Additional texts were exchanged about Agent Wickwire completing one of the parts

and providing it to PUTMAN for testing before completing the remaining parts. PUTMAN agreed that the part should be tested prior to completing the order.

25.     On January 22, 2018, Inspector John Murphy advised that while he was conducting an explosive inspection in May 2014 at the Putman's residence at 3995 Deckerville Road, Cass City Michigan, he observed firearm safes inside the residence.  Inspectors Murphy and Charles Rice returned to the residence in April 2017 when the residence was under construction. During conversations with members of the PUTMAN family, they were advised that the firearm safes and contents of the house were being stored in the pole barn on the property.

26.     On January 24, 2018, ATF agents observed Brandon PUTMAN exit 9682 North Shore Drive, Pigeon, Michigan, and enter into the Ford Super Duty pickup truck with license plate DKS7423.  The Ford truck was observed traveling south to 3995 Deckerville Road, Cass City, Michigan where it remained present most of the day while PUTMAN worked construction on the new Putman family residence.

27.     On January 25, 2018, ATF agents observed Brandon PUTMAN exit 9682 North Shore Drive, Pigeon, Michigan and enter into the GMC Yukon with license plate DRU3598.   The Yukon was observed driving directly to 3995 Deckerville Road where it remained during the morning.

28.     Throughout the TLC television series, "Meet the Putmans", Brandon PUTMAN is shown multiple times at 9862 North Shore Drive, Pigeon Michigan residing with the other family members.  Also, PUTMAN is shown multiple times working on the construction of the new house located at 3995 Deckerville Road, Cass City, Michigan.

29.     Through our investigation, I and other law enforcement personnel have observed PUTMAN at his residences of 9862 N. Shore Drive, Pigeon, Michigan and 3995 Deckerville Road, Cass City, Michigan.  I also believe that PUTMAN has direct and indirect access to Ephesians 610 Armor LLC, located at 1796 West Caro Road, Caro, Michigan.  With regards to PUTMAN's statements about using the DIAS in "multiple applications," his father and wife's involvement with Ephesians 610 Armor LLC, it is reasonable to believe that the additional AR-15 type firearms and/or machinegun parts needed to complete the eleven (11) fully automatic machineguns could have been ordered from, and/or stored at, Ephesians 610 Armor LLC.

30.     I know that because drop-in auto sears are designed and intended for converting semi-automatic firearms into fully automatic firearms, they are "machineguns" as defined in 26 U.S.C. § 5845, and are therefore required to be registered under the National Firearms Registration and Transfer Record.   On

12

January 8, 2018, I conducted a query of the National Firearms Registration and Transfer Record. Neither Brandon, William, nor Kacie PUTMAN have any drop-in auto sears registered to them or Ephesians 610 Armor LLC in the National Firearms Registration and Transfer Record.

31.    Based upon the facts contained herein, I believe Brandon PUTMAM is converting, planning on converting, or distributing parts to others for converting, multiple semi-automatic firearms into fully automatic firearms in violation of federal law.

## CONCLUSION

32.    I know, based upon training and experience and past firearms trafficking investigations and experience from other law enforcement officers, that individuals who are unlawfully dealing in firearms will maintain firearms, firearm parts, journals, ledgers, customer and/or supplier addresses and phone books, and other evidence of their firearms transfers and/or acquisitions in their residence. These traffickers also utilize cell phones and computers to facilitate their activities. I specifically believe that BRANDON PUTMAN maintains such items at his residence, residence under construction, and outbuildings because of the evidence outlined in the above affidavit.

13

I, Stephen Ross, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn according to law, hereby state that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information and belief.

Stephen N Ross
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my presence and/or by reliable electronic means

on February 14, 2018

HON. PATRICIA T. MORRIS
UNITED STATES MAGISTRATE JUDGE

14

## <u>ATTACHMENT A</u>

### Property to Be Searched

### 9862 N. Shore Drive, Pigeon, Michigan

A two story family dwelling, brown in color with tan trim and black shutters which sits on the north side of North Shore Drive Street, this home is the 2nd house west of Circle Drive.  There is a horse-shoe driveway which has an east and west entrance and meets in front of the residence.  The numbers 9862 are affixed to the mailbox and are clearly visible from the street.



# ATTACHMENT B

## DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED

1. Firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic, and photographs of these firearms, drop-in auto sears, and firearm parts and components or of persons in possession of these firearms, drop-in auto sears, and firearm parts and components.

2. Records and documents which reflect the sale, trade, pawn, receipt or disposition of any firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic, including buyer lists, seller lists, notes, cryptic or otherwise, pay-owe sheets, records of sales, log books, ledgers, documents and photographs which reflect relationships between identified and/or unidentified co-conspirators to include personal telephone/address books, including electronic organizers and rolodexes, and financial instruments such as pre-pay and/or bank debit cards, credit cards, checkbooks, and any other financial instrument used to purchase firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic.

3. Records that establish the persons who have control, possession, custody or dominion over the property and vehicles searched and from which evidence is seized, such as personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rental agreements and receipts, payment receipts, keys, leases, mortgage and loan documents, vehicle registration information, title documents, ownership warranties, receipts for vehicle parts, rental vehicle information and agreements, and repairs and telephone answering machine recordings and fingerprints.

4. Cellular phones.

16

5. Records also include audio recordings, video recordings, memoranda, correspondence, diaries, maps, notes, address books, day planners, calendars, appointment books, newspaper clippings, articles, books, storage agreements and bills, storage locker keys, asset ownership records, journals, ledgers, financials, budgets, proposals, plans, contracts, agreements, bills of sale, delivery records, invoices, receipts, documentation of conveyances, deeds, and other papers. These records may be in many forms such as paper, electronic, or in code.

6. Documents and manuals that depict or instruct on firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic.

7. Safes, strong boxes, and/or other secure receptacles for the maintenance of firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic, and documents including books, records, and any keys or other evidence of the existence and usage of any lockers, safety deposit boxes or other secure receptacles.

17

AUSA: Vance                          Telephone:  (810) 766-5177
AO 93  (Rev. 11/13) Search and Seizure Warrant        Agent:        Ross        Telephone:  (810) 341-5710

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No.  18-mc-50164-3 |
| 9862 NORTH SHORE, PIGEON, MICHIGAN | ) |
| | ) |
| | ) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Michigan _____ .
*(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

**YOU ARE COMMANDED** to execute this warrant on or before   February 28, 2018 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  Patricia T. Morris _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   February 14, 2018   3:11 pm _____        _____
                                                                                                                     *Judge's signature*

City and state:    Bay City, Michigan _____        Patricia T. Morris,        U. S. Magistrate Judge
                                                                                                          *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>18-mc-50164-3 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

**Property to Be Searched**

**9862 N. Shore Drive, Pigeon, Michigan**

A two story family dwelling, brown in color with tan trim and black shutters which sits on the north side of North Shore Drive Street, this home is the 2nd house west of Circle Drive.  There is a horse-shoe driveway which has an east and west entrance and meets in front of the residence.  The numbers 9862 are affixed to the mailbox and are clearly visible from the street.



1

## **ATTACHMENT B**

## **DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED**

1.  Firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic, and photographs of these firearms, drop-in auto sears, and firearm parts and components or of persons in possession of these firearms, drop-in auto sears, and firearm parts and components.

2.  Records and documents which reflect the sale, trade, pawn, receipt or disposition of any firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic, including buyer lists, seller lists, notes, cryptic or otherwise, pay-owe sheets, records of sales, log books, ledgers, documents and photographs which reflect relationships between identified and/or unidentified co-conspirators to include personal telephone/address books, including electronic organizers and rolodexes, and financial instruments such as pre-pay and/or bank debit cards, credit cards, checkbooks, and any other financial instrument used to purchase firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic.

3.  Records that establish the persons who have control, possession, custody or dominion over the property and vehicles searched and from which evidence is seized, such as personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rental agreements and receipts, payment receipts, keys, leases, mortgage and loan documents, vehicle registration information, title documents, ownership warranties, receipts for vehicle parts, rental vehicle information and agreements, and repairs and telephone answering machine recordings and fingerprints.

4.  Cellular phones.

2

5. Records also include audio recordings, video recordings, memoranda, correspondence, diaries, maps, notes, address books, day planners, calendars, appointment books, newspaper clippings, articles, books, storage agreements and bills, storage locker keys, asset ownership records, journals, ledgers, financials, budgets, proposals, plans, contracts, agreements, bills of sale, delivery records, invoices, receipts, documentation of conveyances, deeds, and other papers. These records may be in many forms such as paper, electronic, or in code.

6. Documents and manuals that depict or instruct on firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic.

7. Safes, strong boxes, and/or other secure receptacles for the maintenance of firearms capable of conversion to fully automatic by use of a drop-in auto sear, drop-in auto sears, and firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic, and documents including books, records, and any keys or other evidence of the existence and usage of any lockers, safety deposit boxes or other secure receptacles.

3